77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emmanuel MITCHELL, aka Tulinagwe Thandiwe, Plaintiff-Appellant,
v.
Christine J. BRADLEY, Defendant-Appellee.
 No. 95-5473.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1996.
 
 1
 Before: MERRITT, Chief Judge; BOGGS, Circuit Judge, and O'MEARA, District Judge.*
 
 ORDER
 
 2
 Emmanuel Mitchell (aka Tulinagwe Thandiwe), a pro se Tennessee state prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking a declaratory judgment, injunctive relief, and monetary damages, Mitchell sued the Commissioner of the Tennessee Department of Corrections (Christine J. Bradley) in her individual capacity. Mitchell claimed that a Tennessee Department of Corrections (TDOC) policy wrongfully extended his parole eligibility date in violation of his rights under the Ex Post Facto Clause of the Constitution.
 
 
 4
 Upon consideration of cross-motions for summary judgment, a magistrate judge recommended that Mitchell's motion for summary judgment be denied and that defendant Bradley's motion be granted. The district court adopted the magistrate judge's report and recommendation over Mitchell's objections. Mitchell appeals that judgment.
 
 
 5
 In his timely appeal, Mitchell reasserts the claim that he set forth in the district court.
 
 
 6
 On appeal, this court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 252.
 
 
 7
 Upon review, we conclude that the district court properly granted the defendant's motion for summary judgment. Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum entered on February 27, 1995.
 
 
 
 *
 The Honorable John C. O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation